GEORGIA HOUSTON, Appellant, v. EARL HOUSTON, Appellee.

**DIVORCE:** **Defenses—Unauthorized Marriage Within One Year.** A petition for divorce amply supported by testimony may not be dismissed on the sole ground that plaintiff contracted the marriage in question within one year after a former divorce, and without an authorizing order by the court. (Sec. 10484, Code of 1924.)

Headnote 1: 19 C. J. p. 183 (Anno.)

*Appeal from Page District Court.*—TOM C. WHITMORE, Judge.

JUNE 25, 1925.

APPEAL, in an action for divorce, from decree dismissing petition. Facts appear in the opinion.—*Reversed and remanded.*

*Ferguson, Barnes & Ferguson,* for appellant.

No appearance for appellee.

ARTHUR, J.—The petition contains the usual allegations in a divorce action, and is sufficient in form and substance. Plaintiff charges defendant with being guilty of cruel and inhuman treatment such as to endanger her life, and alleges quite fully

the facts of such treatment. Without repeating the allegations of the petition, it is sufficient to say that the evidence, which will be presently set forth, in substance is in accord with and supports the allegations.

The case was brought for the June term, 1923, of the Page district court. The original notice was personally served on defendant, in time for said June term, in Page County, where both the plaintiff and defendant lived. The cause came on for trial at the January term, 1924. Defendant made no appearance in person or by counsel, and filed no pleading.

It appears from the evidence that the parties were married in Lancaster, Missouri, December 24, 1919, and lived together as husband and wife in Page County, Iowa, until a short time before the filing of the petition; that they both still lived in Page County at the time of the trial. Plaintiff testified, in substance, that her husband did not want any children, and said that, if a time came when a child was expected, he would leave her; that a child was born, and lived but a few hours; that, during the time she was carrying the child, defendant found fault with her, cursed her, and when she was unable to do the housework, because of her condition, would swear at her, and say she was just as able to work as he, and that he did not want any children and would not live with her if the child lived; that, when the child was born, he refused to come into the house, when asked to do so by the attending doctor, giving as his reason that he was not going to have anything to do with it; that he said he would not pay any of the expenses; that defendant refused to pay for the burial of the child and the doctor's bill; that he told her that he was sorry he married her; that defendant had an automobile, but refused to let plaintiff ride in it; that defendant accused her of infidelity, of which she testified she was innocent; that defendant cursed her in the presence of others; that he compelled her to work at a hotel and by her own efforts earn money to pay the funeral expenses of the baby; that he compelled her to buy her own clothes, never having furnished her any money for that purpose.

The testimony of plaintiff was corroborated. It was shown by the evidence of plaintiff and her corroborating witness that plaintiff was a good wife, and endeavored to please and get

along with defendant, but that defendant would curse and abuse her, and tell her to go away from him; that defendant used toward plaintiff much profane and vulgar language. According to the testimony, defendant's conduct toward plaintiff caused her to become nervous and ill. The testimony disclosed that defendant finally forced plaintiff away from their home, and that they have not lived together since.

In her direct examination, plaintiff testified that she had been married once before, and had secured a divorce from her former husband. On examination by the court, she testified:

"I was married in Lancaster, Missouri, in 1919, and secured a divorce from my former husband the same year, and had no order from the court authorizing to be married within a year."

On further examination by her counsel, plaintiff testified that her parents lived at Lancaster, Missouri, and that she frequently visited them before she married Houston; that she met Houston at Lancaster, Missouri, during a visit to her parents, and married him within a year after divorce from her former husband; that she did not know of the Iowa law prohibiting marriage within a year after divorce.

The court made no finding of fact; but, as we gather from the record, simply dismissed the petition because the evidence showed that plaintiff had been married before and had remarried within one year after her divorce from her former husband. Plaintiff alleged sufficient grounds, and supported same with abundant evidence, to entitle her to a decree of divorce. Under the record before us, refusal to grant decree of divorce on the sole ground that plaintiff, in violation of the law of this state, remarried within the year following divorce from her former husband, is not justified. Illuminating on this subject is the recent case of *Farrell v. Farrell*, 190 Iowa 919.

The order dismissing plaintiff's petition is reversed, and the cause remanded for the purpose of entering decree of divorce, as prayed in the petition.—*Reversed and remanded.*

FAVILLE, C. J., and EVANS and ALBERT, JJ., concur.